Filed 6/12/26  In re A.D.  CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re A.D., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B342629 (Super. Ct. No. IJ0390A) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.D.,<br><br>    Defendant and Appellant. | |

A.D. appeals from the jurisdiction and disposition orders after the juvenile court sustained a petition (Welf. & Inst. Code,[1] § 602) alleging that he possessed a handgun (Pen. Code, § 29610,

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

subd. (a); count 1).  The juvenile court ordered A.D. to pay a $50 restitution fine as a condition of probation.  A.D. contends, and the Attorney General correctly concedes, the restitution fine must be stricken.  We modify the disposition order and order the juvenile court to amend its probation order to strike the restitution fine.  In all other respects, we affirm.

FACTS AND PROCEDURAL HISTORY

The section 602 petition alleged that A.D. possessed a handgun as a misdemeanor.  (Pen. Code, § 29610, subd. (a); count 1).  After an adjudication hearing, the juvenile court found the allegation true, declared A.D. a ward of the court, and placed him on probation with conditions.  One of the terms of probation was that A.D. pay a $50 restitution fine.

DISCUSSION

*Restitution fine*

A.D. contends the restitution fine should be stricken pursuant to the recent amendment to section 730.6.  We agree.

Here, the juvenile court imposed a $50 restitution fine as a condition of probation.  At the time of A.D.'s disposition on November 13, 2024, the restitution fine was mandatory.  (Former § 730.6, subd. (a)(2)(A), (b)(1), added by Stats. 2015, ch. 131, § 1.)  Effective January 1, 2025, however, the Legislature passed Assembly Bill No. 1186 (2023–2024 Reg. Sess.) which amended section 730.6 to prohibit a court from "impos[ing] a separate and additional restitution fine against a minor found to be a person described in Section 602."  (§ 730.6, subd. (a)(2), as amended by Stats. 2024, ch. 805, § 6.)

An adult or juvenile offender is generally entitled to benefit from amendments that become effective while their case is on appeal and not yet final.  (*People v. Vieira* (2005) 35 Cal.4th 264,

2

305 [applying a revised version of the statute in setting a restitution fine]; *In re N.D.* (2008) 167 Cal.App.4th 885, 891 [rule of retroactivity applies to juvenile delinquency judgments].) "[W]here the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*In re Estrada* (1965) 63 Cal.2d 740, 748.)  Because imposing a restitution fine constitutes "punishment" and A.D.'s case was not yet final when section 730.6 became effective, we conclude section 730.6 operates retroactively and precludes imposition of a restitution fine.  (*People v. Allen* (2019) 41 Cal.App.5th 312, 321.) Therefore, the $50 restitution fine should be stricken.

DISPOSITION

The $50 restitution fine is ordered stricken from the dispositional order.  The juvenile court is directed to amend its probation order of November 13, 2024, to reflect this order.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.              McKAIG, J.[*]

---

[*] Judge of Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3

J. Christopher Smith, Judge

Superior Court County of Los Angeles

_____

Monique Hemli-Munoz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.